IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**BETTY LOU STEFFEE**, )
202 Pipers Lane )  Case No.
Myrtle Beach, SC 29575, )
 )  Judge
and, )
 )  Magistrate
**DONALD STEFFEE**, )
202 Pipers Lane )
Myrtle Beach, SC 29575, )  **COMPLAINT FOR NEGLIGENCE,**
 )  **PREMISES LIABILITY**
      Plaintiffs, )
 )
v. )  *(Jury Demand Endorsed Hereon)*
 )
**ATWOOD LAKE RESORT**, )
2650 Lodge Rd., SW )
Sherrodsville, Ohio 44718, )
 )
and, )
 )
**RADIUS HOSPITALITY** )
**MANAGEMENT, LLC**, )
c/o Statutory Agent Scott Yaeger )
4520 Everhard Rd., STE 147, )
Canton, Ohio 44718 )
 )
and, )
 )
**JOHN DOE ENTITIES NOS. 1-10,** )
 )
      Defendants. )

     NOW COME the Plaintiffs, *Betty Lou Steffee, et al.*, and for their Complaint against the Defendants allege and aver as follows:

Plaintiffs' Complaint - 1

1 - 1 -

## THE PARTIES

1. The Plaintiff, Betty Lou Steffee, is a real person residing in South Carolina.

2. The Plaintiff, Donald Steffee, is a real person residing in South Carolina.

3. The Plaintiffs are husband and wife.

4. The Defendant, Atwood Lake Resort, is a resort and hotel in Sherrodsville, Ohio. The Atwood Lake Resort is a business of unknown type.

5. Upon information and belief, the Defendant, Radius Hospitality Management, LLC, is a New Jersey limited liability company, that contracts with Carroll County, Ohio to operate and manage the Atwood Lake Resort facility.

6. The Defendants, John Doe Entities Nos. 1 – 10, are entities of unknown type and name, and whose identity is presently unknown after reasonable diligence and investigation. These unknown entities may be responsible for all or part of the injuries and damages sustained by the Plaintiffs. Upon learning of their identities through discovery, the Plaintiffs will identify said Defendants promptly per the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

7. This is a negligence case. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000 and the action is between citizens of different states.

8. This Court has personal jurisdiction over the Defendants by virtue of their contacts within the State of Ohio, within this judicial district. The subject fall occurred in Carroll County, Ohio.

9. Venue is proper in the Northern District of Ohio because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and the fall occurred within this judicial district.

## FACTUAL ALLEGATIONS

10. This case involves a fall that occurred on July 17, 2013 at the Atwood Lake Resort in Carroll County, Ohio. Atwood Lake Resort was built around 1965, but recently underwent major renovations and upgrades. <u>(See a photograph of Atwood Lake Lodge, with an arrow indicating approximately where, within the building, the subject fall occurred. The fall occurred inside the building on the lower floor on a ramp. Said photograph is attached hereto and incorporated herein as "Exhibit 1.")</u>

11. The Plaintiff, Mrs. Steffee, is a very pleasant 79-year old woman. While staying as a guest at the Atwood Resort, Mrs. Steffee and her husband were making their way to their room. The hallways of the guest wings are multilevel, and, in certain places there are stairways and ramps guests must traverse to reach adjoining hallways. There are no elevators in the halls of the guest wings.

12. As Plaintiffs made their way down the hallway, Mrs. Steffee came upon a stairway and ramp side-by-side, which lead down to the next level of hallway to their room.

13. At times relevant, Mrs. Steffee, who is elderly, chose to walk down the ramp, which was to the left of the stairway, believing the ramp would be an easier traverse for her than the stairs.

14. The ramp, however, was much steeper than Mrs. Steffee realized, and in fact, the ramp is about 18 degrees in slope. <u>(See photographs of a slope meter of the ramp showing 18.02</u>

Plaintiffs' Complaint - 3

3 - 3 -

degrees, together with pictures of the ramp where the fall occurred, attached hereto and incorporated herein as "Exhibit 2.")

15. The ramp at issue has a slope of about 18 degrees, which equates to a gradient ratio of about 1 inch of rise (y in the below graph), for about every 3 inches of run (x in the below graph). Thus, the ramp has about a 1:3 ratio.



| Slope (degrees) | Gradient | | % grade |
|---|---|---|---|
| | Y | X | |
| 5 | 1 | 11.43 | 8.75 |
| 7 | 1 | 8.144 | 12.3 |
| 18 | 1 | 3.078 | 32.5 |

16. The ADA and Ohio law permit a 1:12 maximum grade ratio for ramps, which means the steepest ramp permitted is less than 5 degrees slope.

Plaintiffs' Complaint - 4

4 - 4 -

17. The ramp at issue in this case is way too steep under any scenario. It's about 13 degrees too steep, which makes it dangerous.

18. As she began to negotiate the ramp, Mrs. Steffee was unexpectedly propelled down the ramp by her momentum and was surprised and unable to stop her forward motion.

19. There were no warning signs or other indicia to warn Mrs. Steffee that the ramp was unusually steep.

20. Mrs. Steffee fell at the bottom of the ramp, and suffered severe injuries. She was taken by EMS to Canton Aultman Hospital. She had a concussion and spent several days in intensive care. She was given a brain stent, which left her unable to walk, and then her brain filled with blood and she underwent a double hematoma. Mrs. Steffee was partially blinded by her brain injury, and still has holes in her head from this trauma.

21. As explained herein, Mrs. Steffee suffered personal injuries of a severe and permanent nature as a direct and proximate result of the fall caused by the steepness of the ramp.

22. Mrs. Steffee suffered a severe brain injury requiring intracranial surgery in which a stent was placed in her skull to drain accumulated blood and fluids. Mrs. Steffee has lost vision in her right eye from the fall.

## CLAIM NO. 1
*(Negligence – Premises Liability)*

23. The Plaintiffs hereby incorporate by reference each and every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

24. To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured. *Lang v. Holly Hill Motel, Inc.* (2009),

122 Ohio St. 3d 120, 122-123; Citing *Robinson v. Bates*, 112 Ohio St.3d 17, 21, citing *Menifee v. Ohio Welding Prods., Inc*. (1984), 15 Ohio St.3d 75, 77.

25. When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff. *Id.* at 123; Citing *Gladon v. Greater Cleveland Regional Transit Auth*. (1996), 75 Ohio St.3d 312, 315.

26. Where the plaintiff is a business invitee of the landowner, the landowner has a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition, or to warn the invitee of danger. *Id.*; Citing *Light v. Ohio Univ*. (1986), 28 Ohio St.3d 66, 68.

27. At all times relevant, the Plaintiff, Mrs. Steffee, was a business invitee of the Defendants. The Plaintiff was on the premises as a customer.

28. The Defendants owed a duty to Mrs. Steffee to exercise ordinary care and to protect her by maintaining the premises in a safe condition, and to warn of dangers.

29. The Defendants breached their duty of care to the Plaintiffs.

30. The Defendants breached their duty to maintain the premises in a reasonably safe manner. The ramp on which Mrs. Steffee fell was excessively steep and there were no warning signs indicating the ramp was dangerous or not for hotel guest use.

31. Furthermore, the configuration of the ramp next to the flight of stairs was dangerous. The logical assumption by a guest would be that the ramp was intended to be an alternate to the stairs for guests to make their way down to the next level, especially those guests with wheelchairs or other mobile disabilities, or the elderly.

32. When the Atwood Resort recently underwent million dollar renovations, it was required to update the areas leading to the main lobby and restaurant so that they were ADA compliant. A lift could have been put in, practically, but was not.

33. The Defendants breached their duty because the ramp upon which Mrs. Steffee fell was overly steep, well beyond the state and federal mandated guidelines for such ramps and no warnings were present.

34. The Defendants' breach of care proximately caused Mrs. Steffee to be injured.

35. As a direct and proximate result of the Defendants' negligence, the Plaintiffs suffered personal injuries and damages of a severe and permanent nature, experienced pain and discomfort, and will continue to experience pain and discomfort in the future.

### CLAIM NO. 2
*(Negligence)*

36. The Plaintiffs hereby incorporate by reference each and every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

37. In tort law, whether a defendant owes a duty to a plaintiff depends upon the relationship between them. *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St. 3d 96, 98. Whether a duty exists depends on the foreseeability of injury. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 39.

38. Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318.

39. The Defendants owed a duty of care to the Plaintiffs.

40. The Defendants breached their duty of care by failing to maintain the premises in a reasonably safe condition, and by negligent design, construction, maintenance, and setup of the premises.

41. As a direct and proximate result of the Defendants' negligence, the Plaintiffs suffered personal injuries and damages of a severe and permanent nature, experienced pain and discomfort, and will continue to experience pain and discomfort.

### CLAIM NO. 3
*(Loss of Services, Support, Consortium, et al.)*

42. The Plaintiffs hereby incorporate by reference each and every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

43. As a direct and proximate result of the Defendants' negligence, the Plaintiff, Mr. Donald Steffee, has suffered damages by virtue of the damage done to his wife. Mr. Steffee has lost services, support, guidance, assistance, consortium, and other losses, all of which are to be later proven at trial.

### PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiffs pray for judgment in their favor and against the Defendants on all of their claims, and request an award of compensatory damages that is above and beyond the jurisdictional minimum to be later proven at trial; together with interest and attorney's fees; an award of costs; and for any other relief in law or equity that this honorable Court deems just and proper.

## JURY DEMAND

WHEREFORE, the Plaintiffs request a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Most Respectfully Submitted,

　　/s/ David A. Welling　　　　　　　　
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
*CHOKEN WELLING LLP*
3020 W. Market Street
Akron, Ohio 44333
Tel.　(330) 865 – 4949
Fax　(330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

*Counsel for the Plaintiffs*